UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL ANCICH,

    Plaintiff,

v.

Tug ISLAND BREEZE, Official No. 299737, her appurtenances, engines, machinery, equipment, tackle, gear, etc. *in rem*, and ISLAND TUG AND BARGE, CO., *in personam*,

    Defendants.

No. C08-464RSL

ORDER DENYING FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's "First Motion for Partial Summary Judgment Re Liability Based on Pre-Capsize Negligence," Dkt. #25. Plaintiff contends that "[i]f defendant can't establish that the cause was other than negligence, summary judgment on the issue of causation, and therefore liability, must be entered against defendant." Id. at 17. For the reasons set forth below, the Court denies plaintiff's motion.

ORDER DENYING FIRST MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 1

## II. DISCUSSION

**A. Background**

On April 9, 2007, defendant's barge ITB-260, loaded with gravel, capsized while being towed by defendant's tug Island Breeze. As a result, a massive amount of gravel was left on the bottom of Puget Sound along with a steel gate from the barge. On or about October 22, 2007, plaintiff was commercial fishing for salmon using a seine net. The net caught on an underwater obstruction at the same location where defendant's cargo and equipment were dumped. According to plaintiff, he lost his fishing net and related gear as well as valuable fishing time and opportunity. Plaintiff now seeks partial summary judgment on the issue of defendant's negligence in allowing the barge to capsize.

**B. Analysis**

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The Court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. See United States v. Johnson Controls, Inc., 457 F.3d 1009, 1013 (9th Cir. 2006). Although "summary judgment in a negligence action is generally disfavored," Camacho v. Du Sung Corp., 121 F.3d 1315, 1317 (9th Cir. 1997), it is proper "where the facts are undisputed and only one conclusion may reasonably be drawn from them," Flying Diamond Corp. v. Pennaluna & Co., Inc., 586 F.2d 707, 713 (9th Cir. 1978).

Plaintiff has not met his burden in this case. Plaintiff first contends that defendant's barge is presumed to have been unseaworthy because it "took on water in good weather under

circumstances that the barge must reasonably anticipate." Dkt. #25 at 10. However, even if the Court were to agree with the presumption of unseaworthiness, the only conclusion that would follow is that defendant bears the burden to prove seaworthiness. Plaintiff does not meet his burden to show the absence of a genuine issue of material fact by merely invoking a presumption in his favor.

Plaintiff's analysis of the facts is indeed quite cursory. Plaintiff simply states, "Defendant found a hole in the hull after the capsize. A hole in the hull of a seagoing barge is, obviously, unseaworthiness." Dkt. #25 at 11. However, defendant contends that the vessel was not unseaworthy at departure and that the hole was caused by the stanchions during travel. See id. at 6-7; Dkt. #31 at 8; cf. Walker v. Harris, 335 F.2d 185, 193 (5th Cir. 1964) ("[T]he only escape from the inference of unseaworthiness is proof that some new, unforeseen, intervening force or factor brought about the failure of the ship or gear."). Plaintiff has not offered any evidence from which the Court could determine on summary judgment that the barge was in fact unseaworthy.

Plaintiff next contends that res ipsa loquitur applies in this case and defendant bears the burden to show it was not negligent. "Res ipsa loquitur applies when '1) the injured party was without fault; 2) the instrumentality causing the injury was under the exclusive control of the defendant; and 3) the mishap is of a type that ordinarily does not occur in the absence of negligence.'" Lone Star Indus., Inc. v. Mays Towing Co., Inc., 927 F.2d 1453, 1457 (8th Cir. 1991) (quoting Consol. Grain & Barge Co. v. Huffman Towing Co., 801 F.2d 1072, 1074 (8th Cir. 1986) (McMillan, J., dissenting)). Even if the Court were to agree that plaintiff has established the first two factors,[1] the third factor presents a genuine issue of material fact. The

---

[1] Defendant contends that it did not have exclusive control over the gravel itself. Dkt. #31 at 10.

ORDER DENYING FIRST MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 3

third element requires the Court to "determine that 'there was . . . more basis for attributing the damage to some kind of incident that likely would not have occurred without negligence on the defendant's part, than for attributing it to some kind of incident likely not involving negligence." Id. (quoting Agri-Trans Corp. v. Peavey Co., 742 F.2d 1137, 1139 (8th Cir. 1984)). Defendant disputes that the incident is of the type that ordinarily does not occur in the absence of negligence. It contends that cargo "does occasionally shift to achieve its normal angle of repose" but that the shift that occurred on April 9, 2007 was "unforeseen and unprecedented." Dkt. #31 at 10. Based on the minimal evidence presented by the parties, the Court has no basis to determine whether the capsize would not have occurred from normal or safe operation of the vessel. Cf. Lone Star Indus., 927 F.2d at 1458 (court points to expert testimony regarding whether fracture would result from normal wear and tear). Plaintiff has provided little more than his own word that the capsize resulted from defendant's negligence, and has therefore failed to meet his burden on summary judgment.

Finally, plaintiff lists four reasons why "defendant is negligent as a matter of law," Dkt. #25 at 12. But plaintiff's speculations about which of defendant's actions caused the capsize do not merit a summary judgment determination. While plaintiff contends that absence of a working pump is sufficient to establish negligence, Dkt. #25 at 13, defendant maintains that industry practice does not necessitate a pump on unmanned barges, Dkt. #34 ¶ 10. While plaintiff contends that the captain demonstrated negligence in navigating through an area of known rip tides with "slippery" cargo, Dkt. #25 at 13, the captain's report does not indicate whether rip tides caused the gravel shift, Dkt. #26, Ex. 1 at 2. While plaintiff asserts that the captain was too slow to notice that the barge was listing and to call for assistance, Dkt. #25 at 15, defendant maintains that the captain duly responded to an unforeseeable situation, Dkt. #31 at 9. Finally, while plaintiff suggests that the captain failed to beach the barge at the nearest

ORDER DENYING FIRST MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 4

point, Dkt. #25 at 16, defendant asserts that the captain steered toward the nearest available beach, Dkt. #31 at 9. In short, the case is so riddled with factual disputes as to render it ineligible for summary judgment. Moreover, plaintiff has provided no expert testimony to assist the Court in weighing the assertions on either side, leaving the Court unable to determine which issues of fact are material and which positions are viable.

In sum, plaintiff's motion seeking a liability determination is premature. Plaintiff confuses burden shifting and legal presumptions with an entitlement to judgment as a matter of law. In emphasizing defendant's burden of proof at trial, plaintiff has neglected his own burden on summary judgment to prove the absence of a genuine issue of material fact.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion for partial summary judgment (Dkt. #25) is DENIED.

DATED this 8th day of June, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING FIRST MOTION
FOR PARTIAL SUMMARY
JUDGMENT - 5