UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL ANCICH,

    Plaintiff,

v.

Tug ISLAND BREEZE, Official No. 299737, her appurtenances, engines, machinery, equipment, tackle, gear, etc. *in rem*, and ISLAND TUG AND BARGE, CO., *in personam*,

    Defendants.

No. C08-464RSL

ORDER GRANTING DECLARATORY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's "Motion for Rule of Law Regarding Entitlement to Recover Crew Shares as Damages," Dkt. #28. Plaintiff requests an order establishing that he is to be deemed a trustee for his crew in the computation and distribution of damages. Defendant opposes what it views as an improper request to amend the complaint. Dkt. #35. For the reasons set forth below, the Court issues a declaratory judgment that any damages determination must contemplate plaintiff as trustee for his crew.

ORDER GRANTING DECLARATORY
JUDGMENT - 1

## II. DISCUSSION

**A. Background**

On April 9, 2007, defendant's barge ITB-260, loaded with gravel, capsized while being towed by defendant's tug Island Breeze. As a result, a massive amount of gravel was left on the bottom of Puget Sound along with a steel gate from the barge. On or about October 22, 2007, plaintiff was commercial fishing for salmon using a seine net. The net caught on an underwater obstruction at the same location where defendant's cargo and equipment were dumped. According to plaintiff, he lost his fishing net and related gear as well as valuable fishing time and opportunity.

Plaintiff is the owner and operator of the F/V MEMORIES, and during the period in question, he employed four crew members. Dkt. #29 ¶ 2. After defendant pursued a line of questioning at plaintiff's deposition regarding his ability to collect for his crew's losses, plaintiff now brings this motion "to put to rest any question that defendant is somehow absolved from fully compensating the losses of the vessel and crew," Dkt. #28 at 3.

**B. Analysis**

The Ninth Circuit case law dating back to the early twentieth century references the "well-settled principles applicable to the owner's right to represent the crew in such cases," United States v. Laflin, 24 F.2d 683, 685 (9th Cir. 1928), and established that "the funds received by the owners . . . are charged with a trust for the payment of the claims of the officers and crew of the vessel," id. at 686; see Carbone v. Ursich, 209 F.2d 178, 180 (9th Cir. 1953) ("Those cases . . . expressly recognized that the owners hold the crew's share of the recovery in trust for the latter."). Over time, the Ninth Circuit confronted whether crew members themselves may sue the owner of another vessel for damages due to lost fishing opportunity. See generally Borcich v. Ancich, 191 F.2d 392 (9th Cir. 1951). In Carbone, the Ninth Circuit held that individual crew members are entitled to recover damages as real parties in interest, 209 F.3d at

ORDER GRANTING DECLARATORY
JUDGMENT - 2

182. Carbone did not, however, require that crew members *must* be joined as parties in order for a damages award to cover their lost profit; it merely expanded the options available to crew members based on "the familiar principle that seamen are the favorites of admiralty and their economic interests entitled to the fullest possible legal protection." Id.

Defendant contends that allowing plaintiff to "summarily allege trustee status, with no prior notice or pleading, and thereby make a claim on behalf of unnamed parties for unknown amounts," Dkt. #35 at 3 n.1, would essentially grant plaintiff's unlawful "eleventh-hour request to add new claims," id. at 6. But the Court finds that plaintiff's claim for lost fishing opportunity necessarily encompasses the entire lost profit of the vessel he operates. Plaintiff's inability to utilize his fishing gear deprived him of a certain amount of catch; as an employer of several crew members, plaintiff was responsible for dividing the profits from that catch among his employees. Those employees need not be individually joined as parties, for the overall lost profit of the vessel, which flows through plaintiff as the owner and employer, remains constant. Nor is the crew's lost profit an unforeseeable consequence of another vessel's negligence or tortious conduct. See Miller Indus. v. Caterpillar Tractor Co., 733 F.2d 813, 820 (11th Cir. 1984) ("[N]ot only are seamen and fishermen favorites of the law, but where the fishermen's wages are dependent on the vessel's catch and that vessel is tortiously incapacitated, their losses are as foreseeable and direct a consequence of the tort-feasor's actions as the ship owner's loss of use.").

Defendant's suggestion that the fact that plaintiff's fishing enterprise does not constitute a corporate entity precludes him from collecting lost profits on behalf of his crew, Dkt. #35 at 2, is unpersuasive. At his deposition, plaintiff indicated that his fishing operation is a sole proprietorship, Dkt. #36, Ex. 1 at 69, and responded "yes" to opposing counsel's question whether plaintiff's attorney represents only him, id. However, the fact that plaintiff operates a sole proprietorship does not mean he is not responsible for payment to his employees.

ORDER GRANTING DECLARATORY
JUDGMENT - 3

Moreover, although plaintiff's attorney does represent only plaintiff, plaintiff embodies several roles – fisherman, operator of a vessel, and employer. Plaintiff runs the fishing operation and therefore a suit brought in his name necessarily encompasses the losses borne by those who are dependent upon that operation. Defendant has not provided any evidence indicating that plaintiff is precluded from acting as trustee for his crew members; indeed, plaintiff listed the names and contact information of his crew in response to defendant's first set of interrogatories, Dkt. #15, Ex. 3 at 1-2.

While plaintiff is entitled to recover damages for economic loss on behalf of his crew, this Order by no means implies that plaintiff has established all or any of the prerequisites for recovery. Without making any findings on the viability of plaintiff's claim, the Court holds that, for the purpose of a damages award, plaintiff is considered a trustee for his crew.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion (Dkt. #28) is GRANTED; the Court issues a DECLARATORY JUDGMENT that plaintiff is a trustee for his crew in the computation and distribution of lost profit damages.

DATED this 19th day of June, 2009.

*[signature]*

Robert S. Lasnik
United States District Judge